[L. A. No. 9508.  Department Two.—December 27, 1928.]

H. O. JONES, Respondent, v. BALBOA MOTOR CORPORATION, Appellant.

H. H. Harris for Appellant.

Hill, Morgan & Bledsoe and A. S. Montague for Respondent.

LANGDON, J.—This is an appeal by the defendant from a judgment against it for $10,473.25, in an action brought by plaintiff to rescind a contract for the purchase and sale of certain shares of stock in the defendant company.

The evidence presents some conflicts, but the findings of the trial court are supported by the evidence and are to the following effect: That on or about the twenty-fifth day of August, 1924, plaintiff agreed to buy and defendant agreed to sell to the plaintiff 1,000 shares of the capital stock of the Balboa Motor Corporation for the sum of $10,000, payable by the delivery by plaintiff to the defendant of five certain bonds, described in the findings and of the par value of $10,473.25. These bonds were delivered to the defendant on August 25, 1924, in full payment for said shares of stock. It was also agreed as one of the conditions of said sale, that unless *bona fide* subscriptions for 12,500 shares of said stock should have been obtained from responsible subscribers, and there should have been paid on account thereof the sum of $125,000 in cash and notes on or before four months from date, that said agreement between plaintiff and defendant should be deemed to have been canceled and rescinded, and then and in that event the said bonds or the par value thereof should be returned to the plaintiff on demand, and it was further agreed that until said subscribers were so obtained and the said cash and notes so received, that the said consideration so agreed to be paid by the plaintiff should be impounded as required by the terms of the permit issued by the corporation commissioner of the state of California to the said defendant.

The said defendant did not receive *bona fide* subscriptions for 12,500 shares of its capital stock from responsible subscribers, and there was not paid on account thereof the sum

of $125,000 in cash or notes within said four months from the said twenty-fifth day of August, 1924, and the total *bona fide* subscriptions received by defendant during said period did not exceed 600 shares and the said consideration so paid by the plaintiff was not impounded by the defendant.

The sale of said stock was made by the defendant to the plaintiff under and in accordance with a permit issued by the corporation commissioner of the state of California on the seventh day of April, 1924, and the requirements of said permit were in part as follows: "Each subscription for said shares shall be upon the express condition that unless *bona fide* subscriptions for 12,500 shares shall have been obtained from responsible subscribers, and there shall have been paid on account thereof the sum of $125,000 in cash and notes, on or before the 15th day of October, 1924, such subscription may by such subscriber be, and thereupon shall be, deemed to have been rescinded.

"That the full amount of each cash payment shall be paid and all notes delivered to said applicant; and that each cash payment, less the commission authorized herein, and the notes, and a statement showing the full name and address of each subscriber, and the number of shares subscribed for by each subscriber, shall immediately be paid and delivered by the applicant to, and held as an escrow by, a depositary to be first selected by the applicant and approved by said commissioner. If on or before the date set forth on paragraph 1 of this condition there shall have been deposited with such depositary from such subscriptions the net sum of $100,000 in cash and notes, it shall be paid and delivered by the depositary to the applicant upon its demand therefor and the written order of said commissioner; otherwise, all rights of applicant to sell and issue shares under paragraph 2nd hereof are suspended, and each note executed by a subscriber and the amount of cash paid by him, less the commission herein authorized and paid, being the amount of cash so deposited with said depositary, shall be returned to him upon his demand therefor and his subscription shall be cancelled."

On or about the twenty-sixth day of November, 1924, the plaintiff notified the said defendant of his intention to rescind said agreement of purchase and demanded the return of said bonds, or the par value thereof, and at the same time

tendered to said defendant the certificates representing the 1,000 shares of the capital stock of the defendant corporation previously issued to the plaintiff, and subsequent to the twenty-fifth day of December, 1924, the plaintiff made a similar tender of said capital stock and demanded the return of said bonds or the par value thereof, but the defendant refused to deliver said bonds to plaintiff and refused to pay to said plaintiff the par value thereof.

It is contended that the plaintiff did not deal with the Balboa Motor Corporation, but that he bought privately owned stock. While there is some testimony in the record to sustain this contention, the preponderance of the evidence is clearly in accord with the findings of the trial court upon this subject.

It is also urged that while the permit granted by the corporation commissioner allowed only until October 15, 1924, for the completion of the sale of the stock mentioned therein, the contract of the plaintiff was conditioned upon the sale of said amount of stock within four months from the date thereof (August 25, 1924), and under such contract the defendant was not in default in November, 1924. However, the court has found that the plaintiff tendered back the stock subsequent to December 25, 1924, and it is clear that at that time the defendant was in default under its contract with the plaintiff, for it could take no legal subscriptions of stock after October 15, 1924, the date set forth in the permit, and it appears from the evidence and from the findings of the trial court that only about 600 shares had been sold at that date.

The plaintiff, therefore, recovers, under his pleadings and proof, because of the breach of the contract between himself and the defendant company. He is not relying upon any breach of the conditions of the corporation commissioner's permit, and the case of *Domenigoni* v. *Imperial Livestock & Mortgage Co.*, 189 Cal. 467 [209 Pac. 36], relied upon by appellant, is not in point.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.